UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: ALFREDO F. MADEAM, JR.   : CHAPTER 13
      Debtor   :
         :
JACK N. ZAHAROPOULOS   :
STANDING CHAPTER 13 TRUSTEE:   :
      Movant   :
         :
      vs.   :
         :
ALFREDO F. MADEAM, JR.   :
      Respondent   : CASE NO. 5-22-bk-01575-MJC

## MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S MOTION TO DISMISS

The Bankruptcy Code does not specifically prohibit the filing of a second Chapter 13 case by an individual who is already a debtor in a pending Chapter 13 case. However, a body of case law has developed that sets forth three potential grounds for dismissal of the above-captioned case.

### Freshman v. Atkins

In *Freshman v. Atkins*, 269 U.S. 121, 46 S. Ct. 41, 70 L. Ed. 193 (1925), the Debtor filed a voluntary petition in 1915, and he timely applied for his discharge which was contested. The referee recommended denial of the discharge, but the Court never acted on the referee's report. The Debtor filed a second bankruptcy petition in 1922. The creditors listed in the second case where some of the same creditors listed in the 1915 case. The Debtor filed an application for discharge in the second case, and the referee recommended that the discharge be granted. The Court took judicial notice of the pendency of the first bankruptcy case, and denied the discharge with respect to the creditors that were carried over from the first case. Both the Circuit Court

and the Supreme Court affirmed. The Supreme Court held "that the pendency of the first application precluded a consideration of the second in respect of the same debts." Id. at 122.

A number of courts cite *Freshman v. Atkins* for the proposition that having simultaneous bankruptcy cases is barred *per se*. *See, e.g.*, *Turner v. Citizens Nat'l Bank of Hammond (In re Turner)* 207 B.R. 373 (2d Cir. BAP 1997).

Other courts read *Freshman v. Atkins* more narrowly, and allow simultaneous cases for the same debtor where, for example, a Chapter 7 debtor files a concurrent Chapter 13 case to deal with mortgage liens that survived a Chapter 7 discharge. This became a common practice after the United States Supreme Court issued its decision in *Johnson v. Home* State *Bank*, 501 U.S. 78, 111 S. Ct. 2150, 115 L. Ed. 2d 66 (1991).

In *Jim Walter Homes, Inc. v. Saylors (In re Saylors)*, 869 F.2d 1434 (11th Cir. 1989), the Debtor received a Chapter 7 discharge and then filed a petition under Chapter 13 while his Chapter 7 case was still open and pending. The Court said:

A *per se* rule barring the filing of a chapter 13 petition during the period at issue . . . would conflict with the purpose of Congress in adopting and designing chapter 13 plans. . . . A Chapter 7 Trustee has the duty to "close the estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(1). As a practical matter, however, the trustee often cannot fully close the estate until a considerable time has elapsed since the Chapter 7 discharge. A rule barring all debtors from taking advantage of Chapter 13 during this period could defeat Congress' intent to the same extent as would a flat six-year prohibition. . . . The property of Saylor's Chapter 13 estate is distinct from the property of the Chapter 7 estate that preceded it. *Id* at 1437-38.

There may be reasons to allow concurrent cases in the situation where the debtor files a Chapter 13 petition after receiving a Chapter 7 discharge; where the overlap is of short duration, and such filings may further the purposes or spirit of the Code.  However, in the case at bar, Mr. Madeam has two pending Chapter 13 cases.  The first case is docketed to No. 5-18-03062, and is a joint filing with his spouse.  Mr. Madeam filed the above-captioned case in August of 2022.  He scheduled debt to the Internal Revenue Service, Credit Acceptance Corporation, and the Pennsylvania Department of Revenue in both cases.  Further, comparisons of the Claims Registers in both cases show that Credit Acceptance, the Pennsylvania Department of Revenue and the Internal Revenue Service filed claims for some of the same debt in both cases.  The Debtor has a confirmed plan in the first case, and creditors are being paid by the Trustee.  The plan payments in the first case started in August of 2018, and the term of the plan was extended under the CARES Act to 70 months.  Therefore, the payments in the first case will continue for seventeen (17) more months.  In view of these facts, the Court does not have to determine which view of *Freshman v. Atkins* is more persuasive.  Even if the Supreme Court did not impose a *per se* bar to simultaneous cases, it is clear that the instant case must be dismissed because Mr. Madeam has two cases that have at least three creditors that hold, to some extent, the same claims against both bankruptcy estates.

**Single Estate Rule**

The single estate rule provides that property cannot be an asset of two bankruptcy estates simultaneously.  *In re Burnett*, 2002 WL 32001418 (Nov. 19, 2002) (*citing*, *In re Studio Five Clothing Stores*, Inc., 192 B.R. 998, 1006 (Bankr. C.D. Cal. 1996).  *And see*, *Associates Financial Services Corporation v. Cowen*, 29 B.R. 888 (Bankr. Ohio 1983).  The courts that

3

adopt this approach conclude that a debtor cannot have simultaneous cases pending because a debtor possesses only one estate and the bankruptcy should be administered as a single estate under a single chapter of the Bankruptcy Code.  The single estate rule prohibits a debtor from filing a new bankruptcy case while a prior case is still pending.  Some cases that follow this approach hold that the filing of the second case constitutes an abuse of the bankruptcy process. *See*, *e.g.*, *In re Mannucci*, 2013 WL 3294093, *2 (Bankr. M.D. Pa. 2013) (citing *Sood v. Business Lenders, LLC*, 2012 WL 2847613, *4 (D. Md. July 10, 2012); *In re Lord*, 295 B.R. 16, 18 (Bankr. E.D.N.Y. 2003) (citing cases).  In *Mannucci*, Judge France did not adopt a *per se* prohibition on concurrent cases, but she noted that even courts that reject a *per se* bar to having simultaneous cases allow the second case only when it does not interfere with the administration of the first case.

In the case at bar, Mr. Madeam is a joint debtor in Case No. 5-18-03062.  Under §1306, the property of the estate includes: (1) the property specified in §541; (2) all property of the kind specified in such Section that the debtor acquires after the commencement of the case, and (3) earnings from services performed by the debtor after the commencement of the case.  The confirmed plan, as modified on January 18, 2022, requires Mr. Madeam to commit all of his disposable income to the Trustee, and property of the estate will only vest in Mr. Madeam upon discharge.  Since Mr. Madeam's property cannot be assets of two bankruptcy cases simultaneously, the single estate rule precludes Mr. Madeam from filing another bankruptcy case until his 2018 case is complete.  Clearly, there is no plausible way that both cases can be administered particularly where the first case has more than a year to go before the payments will be complete.

4

Case 5:22-bk-01575-MJC    Doc 33    Filed 01/12/23    Entered 01/12/23 09:54:36    Desc
Main Document    Page 4 of 7

**Bad Faith**

Filing concurrent bankruptcy cases, even if not *per se* prohibited, is a factor many courts consider in ruling on a motion to dismiss. In *Swigert*, Judge Van Eck observed that "(t)he courts should conduct an inquiry into the good faith of any petition that results in concurrent bankruptcy proceedings involving the same debtor. Following that inquiry, the bankruptcy court should act to halt any consequences of the subsequent and concurrent petition that circumvents a prior decree, constitutes an imposition upon and an abuse of process of the court, or represents a clear effort to circumvent the Bankruptcy Code. The court may also act to suppress any attempt to overreach the due and orderly administration of justice." *In re Swigert*, 601 B.R. 913, 918-19 (Bankr. M.D. Pa. 2019).

In *In re Giles*, 641 B.R. 255 (Bankr. S.D.Fla. 2022), the Debtor filed a Chapter 13 petition in February of 2021. She became delinquent in her plan payments, and the Trustee was going to seek dismissal of the case if the delinquency was not cured. Before her case was dismissed, the Debtor filed another Chapter 13 petition and a motion under §362(c)(3) to extend the automatic stay. However, because the second case was filed before the first case was dismissed, §362(c)(3) did not apply. The Court did not find bad faith intent on the part of the Debtor in filing the second case, but did find that the facts invoked a serious risk of abuse of process, and dismissed the second case under §105(a).

The Trustee is not suggesting that Mr. Madeam filed his second case in bad faith, but the concurrent cases are concerning because Mr. Madeam claimed federal exemptions in the joint filing with his spouse and he claimed state exemptions in the above-captioned case. This is contrary to the exemption scheme proscribed for joint cases in the Bankruptcy Code. More specifically, §522(b)(1) provides, in relevant part, "In joint cases, one debtor may not elect to

4

exempt property listed in Paragraph (2) and the other debtor elect to exempt property listed in Paragraph (3) of this subsection. If the parties cannot agree on the alternative to be elected, they shall be deemed to elect Paragraph (2), where such election is permitted under the law of the jurisdiction where the case is filed." Thus, by filing the second case and claiming state exemptions, Mr. Madeam has found a way to circumvent the law.

In conclusion, two cases with the same debtor cannot be open simultaneously where they result in the same property becoming an asset of both bankruptcy estates at the same time. Here, the first case and the above-captioned case are both Chapter 13 cases that involve some of the same debts, and the estates of both cases have much, if not all, of the same property, including the Debtor's real estate and post-petition income. Thus, the above-captioned case violates the single estate rule.

For the forgoing reasons, the Trustee requests that his Honorable Court dismiss the above-captioned case.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY:  /s/Agatha R. McHale
Attorney for Trustee
amchale@pamd13trustee.com

CERTIFICATE OF SERVICE

        AND NOW, this 12th day of January, 2023, I hereby certify that I have served the within Memorandum of Law by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

J. Zac Christman, Esquire
556 Main Street, Suite 12
Stroudsburg, PA 18360

Alfredo Madeam, Jr.
404 Benson Court
East Stroudsburg, PA 18302

United State Trustee
228 Walnut Street, Suite 1190
Harrisburg, PA 17101

                                              /s/Deborah A. Behney
                                              Office of Jack N. Zaharopoulos
                                              Standing Chapter 13 Trustee